UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

DEADATO JORDAN,

        Petitioner,

v.

FRIEND OF THE COURT et al.,

        Respondents.

_____/

Case No. 1:18-cv-546

Honorable Paul L. Maloney

**OPINION**

This is a habeas corpus action brought by a free citizen, presumably under 28 U.S.C. §§ 2241 and 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). In addition, under Rule 12(h)(3), this Court must dismiss an action sua sponte at any time, if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). After undertaking the review required by Rule 4 and Rule 12(h)(3), the Court concludes that the petition must be dismissed for lack of jurisdiction.

**Discussion**

I.      <u>Factual allegations</u>

Petitioner Deadato Jordan resides in Lansing, Michigan. He sues the Friend of the Court, the Family Independence Agency, and the Michigan Secretary of State. Petitioner seeks habeas corpus relief from the orders of the Ingham County Circuit Court respecting his obligations to pay child support. Although the petition contains mostly legal statements and few facts, Petitioner appears to argue that the Ingham County Friend of the Court, rather than a circuit court judge, improperly assessed him child support, and he suggests that he subsequently was held in contempt for his failure to pay support as ordered. He also asserts that, as a consequence of his failure to pay, his driver's license was unconstitutionally seized. Petitioner argues that he effectively is "in custody" within the meaning of the habeas corpus provision of the United States Constitution, Article I, section 9.

Petitioner attaches a variety of documents filed in his Ingham County Circuit Court case, *Gonzalez et al. v. Jordan*, No. 2004-001264-DS (Ingham Cty. Cir. Ct.), including two orders issued by that court on February 12, 2018: (1) an order denying Petitioner's motion for summary judgment and reinstatement of his driver's license (ECF No. 1-2, PageID.29-30); and (2) an order denying Petitioner's motion to dismiss the child-support order and any and all arrearages (ECF No. 1-2, PageID.31-32.)

II.      <u>Analysis</u>

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). Whether a habeas corpus petitioner is in custody for purposes of §§ 2241 and 2254 is determined at the time

that the complaint is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The Supreme Court has defined "custody" as a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125 (1983). A "restraint on freedom of movement of the degree associated with a formal arrest" exists where a person has been "deprived of his freedom of action in any significant way." *Id.* at 1124; *Oregon v. Mathiason,* 429 U.S. 492, 494 (1977). The term "custody" is not limited solely to physical confinement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (citing *Spring v. Caldwell,* 692 F.2d 994, 996 (5th Cir. 1982); *Duvallon v. Florida,* 691 F.2d 483, 484 (11th Cir. 1982); *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420, 423 (3d Cir. 1975)). For example, persons on parole, probation or bail may be in custody for purposes of §§ 2241 and 2254. *Id.* Nevertheless,

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

It is not clear from the petition that Petitioner was ever jailed, whether on an arrest warrant or after being held in contempt of court. What is clear, however, is that, at the time he filed his petition, Petitioner was not incarcerated. The Sixth Circuit also squarely has held that a "civil judgment requiring [Petitioner] to pay child support does not [ ] constitute custody." *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984)). Further, Petitioner does not allege that there exists an outstanding warrant for his arrest, but even if there were such a warrant, "an outstanding arrest warrant is not in itself sufficient to constitute 'custody' for purposes of the maintenance of a habeas petition." *Prall v. Att'y Gen. of Rhode Island*, C.A. No. 09–366 S, 2010 WL 737646, at *7 (D.R.I.

Mar. 1, 2010) (collecting cases); *see also Jones v. United States*, No. 4:11CV00305 (BSM/JTR), 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011) ("Based on her Petition, the allegedly outstanding arrest warrant . . . is the only even arguable 'restraint' on her liberty . . . . These allegations fall far short of demonstrating the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes."). Moreover, the possibility of arrest if Petitioner fails to pay child support in the future does not satisfy the "in custody" requirement for purposes of a habeas attack. *See, e.g., Bell v. Jones*, No. 3:07-cv-309, 2007 WL 2351267, at *1 (E.D. Tenn. Aug. 14, 2007); *Gore v. Callahan*, No. 3:15-CV-272-K (BH), 2015 WL 4162760, at *3 (N.D. Tex. Jul. 7, 2015) (A future habeas proceeding is "not inevitable" when petitioner has "complete control over whether he will be incarcerated because he needs only to pay the child support he owes pursuant to state law to avoid incarceration")*.; see also Jones v. United States*, No. 4:11CV00305 (BSM/JTR), 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011)

In sum, since Petitioner is not in custody and was not in custody when he filed this action, his habeas petition will be dismissed for lack of jurisdiction.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 and Fed. R. Civ. P. 12(h)(3) for lack of jurisdiction.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases and Rule

12(h)(3) of the Federal Rules of Civil Procedure is based on a procedural determination that the Court lacks jurisdiction under the habeas corpus statute, because Petitioner is not in custody within the meaning of the habeas statute. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's habeas petition for lack of jurisdiction was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:  June 6, 2018            /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge